UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

PENSION BENEFIT GUARANTY CORPORATION )
  on its own behalf and on behalf of )
  the Retirement Program of Liam Ventures, Inc., )
 )
                Plaintiff, )
 )
 ) Civil Action No. 08CV2529
                v. )
 )
WILLIAM F. FARLEY, )
  *et al.* )
 )
                Defendants. )
 )

**PENSION BENEFIT GUARANTY CORPORATION'S *EX PARTE*
MOTION TO VACATE MINUTE ORDER EXPEDITING PRETRIAL SCHEDULE
AND MEMORANDUM IN SUPPORT THEREOF**

**Relief Sought**

Plaintiff Pension Benefit Guaranty Corporation ("**PBGC**") moves this Court for an order (1) vacating the Minute Order dated May 23, 2008 directing expedited pre-trial procedures; and (2) scheduling a status conference as soon as practicable after July 7, 2008, when the defendants' waivers of service are due to be returned.

**Background**

PBGC, on its own behalf an on behalf of the Retirement Program of Liam Ventures, Inc. (the "**Pension Plan**"), of which PBGC is statutory trustee, initiated this action by complaint filed on May 2, 2008. On May 23, 2008, the Clerk entered a Minute Order stating "[t]he Court's review of the complaint indicates that it is appropriate to give this ERISA case expedited treatment." The Minute Order directs the parties to make disclosures pursuant to Federal Rule of

Civil Procedure 26(a)(1) by June 23, 2008, to file a joint status report by June 30, 2008, to appear at a status hearing on July 3, 2008, and to complete discovery by September 2, 2008.

### **Grounds for Relief**

The Court should vacate the Minute Order for three reasons:

First, this case is greatly more complicated than those species of cases arising under ERISA susceptible to resolution through the expedited pre-trial schedule set forth in the Minute Order. This case involves a pension plan terminated with approximately $121 million in unfunded benefit liabilities. It involves several fiduciaries who caused millions of dollars of losses to the Pension Plan by breaching their fiduciary duties to plan participants and their beneficiaries, violating the prohibition against self-dealing and breaching the duty to manage and invest plan assets with care, skill, diligence and prudence. It involves numerous multi-million dollar transactions executed over the course several years. It involves four distinct causes of action, each predicated on different factual allegations. Just resolution of the case requires a pre-trial schedule that allows for extensive discovery and for the vetting of expert witnesses.

Second, this case relates to another case that PBGC recently filed in this Court, No. 08-CV-2699. That case is currently assigned to Judge Marovich, but PBGC intends to move for reassignment pursuant to Local Rule 40.4. Judicial efficiency requires that one judge preside over both cases and that schedules for discovery and pre-trial proceedings be coordinated.

Third, no one has appeared on behalf of Defendants. Requested waivers of service are due July 7, 2008, after the deadlines provided in the Minute Order for initial disclosures (June 23), a joint status report (June 30) and a status hearing (July 3). Granting this Motion will give the Defendants time to appear and the Parties adequate time to coordinate initial disclosures and

to collaborate on a plan for discovery well-designed for the development and exchange of evidence and, thereby, for the resolution of issues in this factually complex case.

**I.    This case is greatly more complicated than those species of cases arising under ERISA susceptible to resolution through the expedited pre-trial schedule set forth in the Minute Order.**

PBGC brings this action under Title I of ERISA for breaches of fiduciary duty by (1) William F. Farley ("**Farley**"), who holds a controlling interest in the sponsor of the Pension Plan – LV Ventures, Inc. ("**LV**") – and who controlled the investment of the Pension Plan's assets; and (2) the Administrative Committee of the Retirement Program of Liam Ventures, Inc. ("**Administrative Committee**") and its members, who together administered and served as named fiduciary of the Pension Plan.  PBGC seeks to recover tens of millions of dollars in damages sustained by the Pension Plan as a result of numerous transactions executed over the course several years.  The Complaint contains four causes of action, each predicated on different factual allegations:

Count I alleges that the Administrative Committee and its members breached their fiduciary duties by failing to act while LV fraudulently transferred its assets to or for the benefit of Mr. Farley, making those assets unavailable to fund the Pension Plan.  The Administrative Committee had a duty to demand that LV cease fraudulent transfers and, failing that, to pursue, on behalf of the Plan, legal and equitable remedies available under fraudulent conveyance law.  PBGC anticipates that discovery required for resolution of Count I will include deposition of Mr. Farley and each member of the Administrative Committee and extensive discovery regarding transfers of LV's assets.

Count II alleges Mr. Farley engaged in self-dealing and prohibited transactions by causing LV to contribute environmentally contaminated real property to the Pension Plan and by

3

causing the Pension Plan to accept the contaminated property, to enter into a lease of the property back to LV, and to bear cleanup costs and exposure to liability for the environmental contamination of the property. PBGC anticipates that discovery required for resolution of Count II will include subpoena of documents related to the transfer and environmental status of the property and deposition of Mr. Farley and other undetermined individuals possessing relevant knowledge.

Count III alleges that Mr. Farley engaged in self-dealing by causing the Pension Plan to invest in various entities in which he held substantial interests. PBGC seeks money damages for the sum of the Pension Plan's losses from each loss-producing investment in an entity in which Mr. Farley held substantial interests. PBGC anticipates that discovery required for resolution of Count III will include discovery of all of Farley's interests in entities in which he caused the Pension Plan to invest.

Count IV alleges that Mr. Farley breached his fiduciary duties of diversification, care, skill, diligence and prudence in allocation and management of the Pension Plan's investments. PBGC anticipates that pre-trial proceedings necessary for resolution of Count IV will include the vetting of experts to testify on imprudence in the allocation of Pension Plans assets, actuarial analysis of the Pension Plan's cash requirements, and valuation of losses.

The foregoing is not a complete description of all facts at issue in this action, or of the discovery needed to resolve them; rather, it is illustrative of the extent and complexity of the such discovery. This case is greatly more complicated than those species of cases arising under ERISA susceptible to resolution through the expedited pre-trial schedule set forth in the Minute Order. Granting this Motion will give the Defendants time to appear and the Parties adequate time to coordinate initial disclosures and to collaborate on a plan for discovery well-designed for

the development and exchange of evidence and, thereby, for the resolution of issues in this factually complex case.

**II.    Judicial efficiency requires that the schedule for discovery and pre-trial proceedings in this case be coordinated with those in a related matter.**

The Minute Order should be vacated because it will result in inefficient asynchrony with a related action. The case *sub judice* is related to a collection and foreclosure action that PBGC filed in the Northern District of Illinois on May 9, 2008, No. 08-CV-2699. That case is currently assigned to Judge Marovich. PBGC expects to seek to have it reassigned pursuant to Local Rule 40.4, so that one judge can preside over both cases in the interest of judicial efficiency. In the collection and foreclosure action, PBGC seeks, *inter alia*: (1) judgment against the sponsor of the Pension Plan, LV Ventures, Inc. ("**LV**") and each of eleven entities affiliated with LV through a complex corporate structure (collectively, with LV, the "**LV Defendants**") in the amount of $121.4 million (plus interest) for the unfunded benefit liabilities of the Pension Plan; (2) judgment against each of the twelve LV Defendants in the amount of $43,420,773 (plus interest) for unpaid minimum funding contributions to the Pension Plan; (3) judgment against each of the twelve LV Defendants in the amount of $327,001 (plus interest) for unpaid pension termination insurance premiums owed PBGC; (4) foreclosure on the Pension Plan's liens encumbering the assets of each of the twelve LV Defendants; (5) rescission of fraudulent transfers; and (6) piercing of the corporate veils of LV and its parent corporation and judgment against Mr. Farley for the sum of money damages awarded in the case against LV. Discovery for the veil-piercing count in the other case will overlap with discovery for Count I in the case *sub judice*. Given the relatedness of the cases and the prospective reassignment, the Minute Order should be vacated to permit development of a combined pre-trial schedule designed for the efficient resolution of both cases.

**III.    The Defendants should be permitted time to appear.**

No one has appeared for the defendants in either the case *sub judice* or in the collection and foreclosure action.  On June 5, 2008, PBGC sent requests for waivers of service to the attorney prospectively representing all of the defendants in both actions.  The Court should vacate the Minute Order to permit the Defendants time to appear and the Parties adequate time to coordinate initial disclosures and to collaborate on a discovery plan well-designed for the development and exchange of evidence and, thereby, for the resolution of issues in this factually complex case.

WHEREFORE, the Court should vacate the Minute Order directing expedited pre-trial procedures and schedule a status conference as soon as practicable after July 7, 2008, when the defendants' waivers of service are due to be returned.

Dated: June 11, 2008              Respectfully submitted,
      Washington, D.C.

  /s/John Ginsberg_____
ISRAEL GOLDOWITZ
Chief Counsel
KAREN MORRIS
Deputy Chief Counsel
KARTAR KHALSA
Assistant Chief Counsel
JOEL RUDERMAN
Assistant Chief Counsel
FRANK ANDERSON
JOHN GINSBERG
Attorneys

PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C.  20005
Tel. No. (202) 326-4020, ext. 3712
Fax No. (202) 326-4112
E-mail: ginsberg.john@pbgc.gov & efile@pbgc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Pension Benefit Guaranty Corporation's *Ex Parte Motion To Vacate Minute Order Expediting Pretrial Schedule* was sent by Federal Express on the 11th day of June, 2008, for next-day delivery to Defendants via their attorney at the following address:

>Bernard J. Nussbaum, Esq.
>7800 Sears Tower
>233 South Wacker Drive
>Chicago, IL  60606-6404

Dated: June 11, 2008          /s/John Ginsberg
      Washington, D.C.          John H. Ginsberg, Esq.
                                        Pension Benefit Guaranty Corporation
                                        Office of the Chief Counsel
                                        1200 K Street, N.W.
                                        Washington, D.C.  20005
                                        Tel. No. (202) 326-4020, ext. 3712
                                        Fax No. (202) 326-4112
                                        E-mail: ginsberg.john@pbgc.gov and
                                        efile@pbgc.gov

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION<br>　on its own behalf and on behalf of<br>　the Retirement Program of Liam Ventures, Inc.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM F. FARLEY,<br>　et al.<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 08CV2529<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ATTORNEY AFFIDAVIT IN SUPPORT OF
### PENSION BENEFIT GUARANTY CORPORATION'S *EX PARTE*
### MOTION TO VACATE MINUTE ORDER EXPEDITING PRETRIAL SCHEDULE

I submit this Affidavit pursuant to Local Rule 5.5(d) of the Local Rules of this Court and hereby attest that the Pension Benefit Guaranty Corporation is filing its *Motion To Vacate Minute Order Expediting Pretrial Schedule* seeking an order *ex parte* because none of the Defendants has yet appeared in this action, nor has any attorney appeared on their behalf. I sent requests for waivers of service on June 5, 2008. Responses to those requests are due on July 7, 2008, which is after the deadlines provided in the Minute Order for initial disclosures (June 23), a joint status report (June 30) and a status hearing (July 3). Delaying this motion until the Defendants have waived service of summons or been served and have appeared in this action is likely to result in the Parties being unable to meet the deadlines set by the Court or to be prepared for a productive hearing on the scheduled date. No previous application has been made has been made for relief similar to that which the Plaintiff seeks.

Dated: June 11, 2008
Washington, D.C.

*[signature]*
John H. Ginsberg, Esq.
Pension Benefit Guaranty Corporation
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005
Tel. No. (202) 326-4020, ext. 3712
Fax No. (202) 326-4112
E-mail: ginsberg.john@pbgc.gov and
efile@pbgc.gov

Sworn and subscribed before me this the 11th day of June, 2008.

*[signature: Jeanean West]*
Notary Public

My Commission expires: 5/14/2013

District of Columbia: SS
Subscribed and sworn to before me, in my presence,
this 11th day of June, 2008.
*[signature: Jeanean West]*
Notary Public, D.C.
My commission expires 5/14/2013